# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY LLOYD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-2160 |
| GARRETT GLENNON, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM**

Anthony Lloyd, a self-represented Maryland prisoner, filed a civil rights complaint alleging that he was illegally detained in a State correctional facility when he injured his right triceps after falling from his bunk. He alleges he received constitutionally inadequate medical care for his injury. ECF 6. Now pending are Motions to Dismiss or, in the Alternative, for Summary Judgment filed by defendants J. Philip Morgan (ECF 21) ("Correctional Defendant"), Contah Nimely, Lori Slavick, and Wexford Health Source, Inc. ("Medical Defendants"). ECF 27. Plaintiff opposes the motions (ECF 29, 30, 33, 37), and Medical Defendants filed a reply. ECF 35. No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Correctional Defendant's Motion to Dismiss, or for Summary Judgment, shall be granted, plaintiff's complaint against Deputy State's Attorney for Baltimore County Garrett Glennon and Warden J. Philip Morgan shall be dismissed, and Medical Defendants' Motion to Dismiss, or for Summary Judgment, shall be denied without prejudice, subject to renewal within 45 days of the date of this Memorandum.

## I. Factual Background

Plaintiff indicates that in 2009 he was convicted of bank robbery and related offenses in the Circuit Court for Baltimore County. He was sentenced to 25 years' incarceration without the possibility of parole. On February 23, 2015, his petition for post-conviction relief was granted and his conviction vacated. ECF 1, p. 7.

On May 21, 2015, three months after he was granted post-conviction relief, he alleges he improperly remained confined in state prison at the Maryland Correctional Training Center ("MCTC"). *Id*. He states that his post-conviction counsel contacted Deputy State's Attorney Glennon requesting that he be transferred to the County Detention Center. *Id*., p. 8. Plaintiff indicates his belief that since he was then awaiting trial it was improper to continue to house him in the Division of Correction. *Id*.

While housed at MCTC, he fell from his bunk sustaining a serious injury to his right elbow. *Id*. Plaintiff states that he was "falsely diagnosed with a bone spur: and later taken to a local hospital where he was diagnosed with a torn tricep [*sic*] and blood clot." ECF 6, p. 3. He states that it took five months to have his injury treated and he underwent two surgeries to repair his arm. The first was performed on March 1, 2016, at Bon Secours hospital. ECF 1, p. 8. Plaintiff states his surgery was "botched." *Id*. Plaintiff indicates he was denied proper post-operative medical care by the named medical defendants who failed to follow the discharge instructions of his surgeon. *Id*., p. 8. Rather, Physician Assistant Lori Slavick removed the stitches. ECF 6, p. 3. The removal of the stitches/staples left a hole in his right elbow. He claims that as a result he has suffered excruciating pain, draining, infection, and burning from the ulcer that developed at the surgical site. ECF 1, pp. 8-9. He claims he was tortured by the

physical therapist and received second-degree burns on his biceps.  ECF 6, p. 3.  He also claims he was burned by Dr. Saleem Muhammed.  *Id*.

Lloyd is currently housed at MCTC.  ECF 21-2 (Declaration of Tom Nittinger, Case manager, ¶ 4).  After plaintiff's successful post-conviction hearing, he was remanded to the custody of the Division of Correction ("DOC").  *Id.*; *Id*, p. 3 (docket entries).  He was returned to Baltimore County for his retrial.  *Id*., pp. 6 & 7.  Nittinger avers that the DOC has authority to hold inmates in its custody based upon the authority of the writ it receives from the courts.  *Id*., ¶ 3.

## II. Medical Defendants

Pending is Medical Defendants' motion to strike plaintiff's correspondence (ECF 37) as being an improper surreply.  ECF 38.  Given plaintiff's self-represented status, and the denial without prejudice of Medical Defendants' dispositive motion, the motion shall be denied.

Also pending is plaintiff's "Supplement to Amended Complaint."  ECF 39.  Plaintiff indicates that on June 29, 2017, he was returned to Bon Secours Hospital for additional surgery to treat his elbow injury.  He states that once again his post-operative orders were not followed and that Contah Nimely continued to provide follow-up care, despite the conflict of interest that exists due to plaintiff's suing Nimely in this case.  Additionally, plaintiff alleges that he was directed to return to the surgeon two weeks after his surgery but was not returned.  Instead, staff at the prison removed his stitches.  Plaintiff maintains that this is the same type of conduct that caused him injury after his initial surgery to repair his elbow.  He further maintains that his follow-up treatment with the surgeon was scheduled for August, weeks after the surgeon directed he return for follow-up care.  *Id*.

Medical Defendants oppose plaintiff's amending the complaint (ECF 40) maintaining that any amendment would be a futility. Medical Defendants argue that his new surgery is unrelated to the claims in the initial complaint. *Id.* The court disagrees. Plaintiff's initial complaint concerned his claim that he was denied proper medical care for his elbow injury, including proper post-surgical care. The June 2017 surgery appears to be a continued effort to treat plaintiff's elbow injury, which was apparently not resolved by the first surgery, and represents ongoing treatment of the injury central to the initial complaint. As such, plaintiff shall be permitted to amend the complaint to include these claims.

Medical Defendants indicate that if the court grants the amendment to the complaint they will require additional time to obtain supplemental medical records and communicate with providers regarding plaintiff's course of treatment. *Id.* In light of the foregoing, Medical Defendants' dispositive motion shall be denied without prejudice, subject to renewal. Medical Defendants shall renew their dispositive motion within 45 days of the date of this Memorandum and Order.

## II. Defendants Glennon and Morgan

**A.     Motion to Dismiss**

The purpose of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's Complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require Defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563.

The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Motion for Summary Judgment**

Summary judgment is governed by Federal Rule of Civil Procedure 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). Because plaintiff is self-represented, his submissions are liberally construed. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

### III. Analysis

The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the pretrial detainee because due process proscribes punishment of a detainee before proper adjudication of guilt. *Id*. "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538-39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment).

Plaintiff offers no specific complaints regarding his conditions of confinement within the DOC; rather, he appears to be under the false assumption that as a pretrial detainee he could only be housed at the local detention center. Such is simply not the case. Moreover, plaintiff was remanded, by Court Order, to the custody of the Division of Corrections. As such, plaintiff's complaint against Garrett Glennon and J. Philip Morgan shall be dismissed.[1]

### IV. Conclusion

For the foregoing reasons Correctional Defendant's motion for summary judgment will be granted, and plaintiff's complaint against Garrett Glennon and J. Philip Morgan will be dismissed. Medical Defendants shall renew their dispositive motion as herein directed. A separate Order follows.

December 5, 2017  
Date

/s/  
James K. Bredar  
Chief Judge

---

[1] Although this motion was not filed on behalf of Garrett Glennon, Deputy State's Attorney for Baltimore County, nevertheless the arguments made in Morgan's motion apply equally to Glennon. Accordingly, the Court is treating the motion as though brought on Glennon's behalf.